| | |
|---|---|
| **WILLIE T. KELLY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )          **ORDER** |
| **GEORGE T. SOLOMON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, (Doc. No. 5), in which he asks the Court to reconsider its Order dismissing the case without prejudice due to Plaintiff's failure to pay the filing fee or move to proceed *in forma pauperis* in accordance with a Court Order. (Doc. No. 3); see (Doc. No. 2). Plaintiff claims that he was unable to comply with the deadline for filing his *in forma pauperis* application because he was undergoing hip replacement surgery. He has attached to his Motion materials including an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 5 at 20), as well as other various motions and declarations.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

1

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff's Motion for Reconsideration will be granted because he failed to meet the Court's deadline due to surgery. The case will therefore be reopened and the Clerk will proceed on Plaintiff's motion to proceed *in forma pauperis*. However, the other various motions attached to the Motion for Reconsideration are denied without prejudice as premature. Should Plaintiff be granted permission to proceed *in forma pauperis*, Plaintiff may file appropriate motions with regard to this case.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Reconsideration, (Doc. No. 5), is **GRANTED**.

(2) The Clerk of Court is respectfully directed to reopen this case, separately docket Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 5 at 20), and issue an Order to Plaintiff's institution requiring it to file a certified copy of Plaintiff's six-month trust account statement with the Court.

(3) The other various motions appended to the Motion for Reconsideration are **DENIED** without prejudice as premature.

Signed: January 30, 2018

Frank D. Whitney
Chief United States District Judge