UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-311-FDW

| | |
|---|---|
| WILLIE T. KELLY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GEORGE T. SOLOMON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's ("NC DPS") Sealed Notice, (Doc. No. 28), informing the Court that it has been unable to procure a waiver of service of process for Defendants George T. Solomon, Alfred Williams, D. Hatley, G. Hayes, and FNU Kenza.

With regards to **FNU Kenza**, NC DPS has been unable to identify the individual whom Plaintiff wishes to sue. Plaintiff is instructed to file a Notice within **ten (10) days** of this Order providing any and all information about FNU Kenza to assist NC DPS to identify the individual against whom Plaintiff intends to proceed. Plaintiff is cautioned that failure to comply may result in dismissal of the claims against FNU Kenza without further notice.

NC DPS represents that **Defendant Alfred Williams** is currently on military leave and is expected to return to work on October 19, 2018.

NC DPS shall file a Waiver of Service or a Notice pursuant to Local Rule 4.3(b) for Defendants **Kenza** and **Williams** by **November 5, 2018**.

NC DPS has provided names and last known addresses for Defendants **George T. Solomon**, **David Christopher Hatley**, and **Gregory D. Hayes**. The Clerk of Court is directed to

1

notify the United States Marshal that Defendants Solomon, Hatley, and Hayes need to be served with the summons and Amended Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendants Solomon, Hatley, and Hayes cannot be served at the addresses provided by the NC DPS, the U.S. Marshal shall be responsible for locating their home addresses so that they may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915…."). If the U.S. Marshal is unable to obtain service on Defendants Solomon, Hatley, and Hayes, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendants' home addresses to the *pro se* incarcerated Plaintiff and shall file any document containing such addresses under seal.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff is instructed to file a Notice within **ten (10) days** of this Order providing any and all information about **FNU Kenza** to assist NC DPS to identify the individual against whom Plaintiff intends to proceed. Plaintiff is cautioned that failure to provide this information may result in dismissal of the claims against FNU Kenza without further notice.

(2) NC DPS shall file Service Waivers or Notices pursuant to Local Rule 4.3(b) as to Defendants **Williams** and **Kenza** by **November 5, 2018**.

(3) The U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendants **Solomon**, **Hatley**, and **Hayes** at their home addresses. If the U.S.

Marshal is unable to obtain service on Defendants Solomon, Hatley, and Hayes, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(4) The Clerk is respectfully instructed to mail a copy of the Amended Complaint, (Doc. No. 15), the Sealed Notice containing Defendants' last known addresses, (Doc. No. 28), and this Order to the U.S. Marshal.

Signed: October 11, 2018

Frank D. Whitney
Chief United States District Judge