UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-311-FDW

| WILLIE T. KELLY, JR.,        | ) |       |
|------------------------------|---|-------|
|                              | ) |       |
|    Plaintiff, | ) |       |
|                              | ) |       |
| vs.                          | ) | **ORDER** |
|                              | ) |       |
| GEORGE T. SOLOMON, et al.,   | ) |       |
|                              | ) |       |
|    Defendants.| ) |       |
|                              | ) |       |

**THIS MATTER** is before the Court on *pro se* Plaintiff's "Motion for Denial of Summary Judgment & Motion to Stay & Order to Cause for a Injunctive Temperary [sic] Restraining Order Rule 65(a)," (Doc. No. 44), and Plaintiff's Motions for Order Compelling Discovery (Doc. No. 62, 63).

The Amended Complaint passed initial review on claims of the use of excessive force/ failure to intervene, deliberate indifference to a serious medical need, and retaliation. (Doc. Nos. 15, 18). On January 24, 2019, the Court entered a Pretrial Order and Case Management Plan that set the discovery deadline as May 22, 2019. (Doc. No. 50).

Meanwhile, on December 4, 2018, Defendant Haynes filed a Motion for Summary Judgment. (Doc. No. 41). The Court issued an Order on December 6, 2018, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of the applicable legal standard, the importance of responding, and setting the deadline to do so by December 20, 2018. (Doc. No. 59). Plaintiff filed a Response entitled "Motion for Denial of Summary Judgment & Motion to Stay & Order to Cause for a Injunctive Temperary Restraining Order Rule 65(a)," (Doc. No. 44), that was filed pursuant to the prisoner mailbox rule on January 4, 2019. In it, Plaintiff opposed Defendant

1

Haye's Motion for Summary Judgment and requested preliminary injunctive relief. On May 14, 2019, Defendant Haynes filed a Motion asking that the Court stay the discovery deadline pending its resolution of the Motion for Summary Judgment. (Doc. Nos. 57, 58). On May 23, 2019, the Court granted Defendant Haynes' Motion for Summary Judgment and denied his Motion to Stay as moot. (Doc. No. 59).

On June 19, 2019, Plaintiff filed his first Motion for Order Compelling Discovery, (Doc. No. 62), asking the Court to compel Defendants to respond to his requests for production of documents and interrogatories. On June 21, 2019, Plaintiff filed his second Motion for Order Compelling Discovery (Doc. No. 63), in which he appears to submit amended requests for production of documents and answers to interrogatories in response to Defendants' objections. Defendants have filed a Response to Plaintiff's Motions to Compel arguing that Plaintiff's Motions should be denied because he served discovery late and then waited until almost a month after the close of discovery to move to compel, which are not supported by good cause. (Doc. No. 64). Defendants alternatively request an extension of the dispositive motions deadline should Plaintiff's Motions to Compel be granted. (Id.).

The first half of Plaintiff's "Motion for Denial…," (Doc. No. 44), addresses Defendant Haynes' Motion for Summary Judgment. To the extent that Plaintiff requested that the Court consider that document as a Response in opposition to Defendant Haynes' Motion, relief will be granted because it was construed as such. See (Doc. No. 59 at 5). To the extent that Plaintiff's "Motion for Denial…," refers to a "Motion to Stay," it appears that Plaintiff was asking the Court to accept the summary judgment Response as timely filed, which will be granted insofar as the Court entertained Plaintiff's arguments in opposition to Defendant Haynes' summary judgment motion.

2

The second half of Plaintiff's "Motion for Denial…," (Doc. No. 44), seeks preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20). It is well established that "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994); see Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) ("judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

As grounds for his Motion for preliminary injunctive relief, Plaintiff reiterates a number of the conditions set forth in his Amended Complaint. However, Plaintiff has failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, Plaintiff's motion for preliminary injunctive relief will be denied.

In his Motions to Compel, Plaintiff seeks the production of documents and answers to interrogatories from Defendants. The rules of discovery are to be accorded broad and liberal

construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Va. Dep't of Corr. v. Jordan, 921 F.3d 180 (4th Cir. 2019). Plaintiff's Motions to Compel were filed outside the discovery cutoff date and he has failed to show the existence of good cause. Plaintiff's Motions to Compel will therefore be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Motion for Denial of Summary Judgment & Motion to Stay & Order to Cause for a Injunctive Temperary [sic] Restraining Order Rule 65(a)," (Doc. No. 44), is **GRANTED** in part and **DENIED** in part as stated in this Order.

2. Plaintiff's Motions for Order Compelling Discovery (Doc. No. 62, 63), are **DENIED**.

Signed: July 15, 2019

Frank D. Whitney
Chief United States District Judge